UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THOMAS VELARDI,

                Plaintiff,

-against-

LYONS, LAVEY, NICKEL, SWIFT, INC.,
(formerly known as BJW, INC.)

                Defendant.

Case No. 07 CV 6828 (RJH)

**DEFENDANT'S
VERIFIED ANSWER
AND AFFIRMATIVE DEFENSES**

Defendant, LyonHeart Communications, Inc., formerly known as Lyons, Lavey, Nickel, Swift, Inc. ("LyonHeart" or alternatively "Defendant"), by way of Verified Answer to the Verified Complaint filed on behalf of plaintiff Thomas Velardi ("Plaintiff") hereby states as follows:

## AS TO THE PARTIES

1. LyonHeart is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 1 of Plaintiff's Verified Complaint and therefore leaves Plaintiff to his proofs.

2. LyonHeart admits the allegations set forth in paragraph 2 of Plaintiff's Verified Complaint.

## AS TO JURISDICTION

3. LyonHeart admits the allegations set forth in paragraph 3 of Plaintiff's Verified Complaint.

4. LyonHeart admits the allegations set forth in paragraph 4 of Plaintiff's Verified Complaint.

## AS TO VENUE

5. LyonHeart admits the allegations set forth in paragraph 5 of Plaintiff's Verified Complaint.

## AS TO PROCEDURAL PRE-REQUISITES

6. LyonHeart admits the allegations set forth in paragraph 6 of Plaintiff's Verified Complaint.

7. LyonHeart admits the allegations set forth in paragraph 7 of Plaintiff's Verified Complaint.

8. LyonHeart admits the allegations set forth in paragraph 8 of Plaintiff's Verified Complaint.

9. LyonHeart admits the allegations set forth in paragraph 9 of Plaintiff's Verified Complaint.

## AS TO THE ALLEGED COMMON FACTS

10. LyonHeart is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 10 of Plaintiff's Verified Complaint and therefore leaves Plaintiff to his proofs.

11. LyonHeart admits the allegations set forth in paragraph 11 of Plaintiff's Verified Complaint.

12. LyonHeart states that the terms of Plaintiff's employment contract speak for themselves, but otherwise admits the allegations set forth in paragraph 12 of Plaintiff's Verified Complaint.

13. LyonHeart states that the terms of Plaintiff's employment contract speak for themselves, but otherwise admits the allegations set forth in paragraph 13 of Plaintiff's Verified Complaint.

14. LyonHeart states that the terms of Plaintiff's employment contract speak for themselves, but otherwise denies that the contract states his annual salary cannot be decreased.

15. LyonHeart states that the terms of Plaintiff's employment contract speak for themselves, but otherwise admits the allegations set forth in paragraph 15 of Plaintiff's Verified Complaint.

16. LyonHeart admits the allegations set forth in paragraph 16 of Plaintiff's Verified Complaint.

17. LyonHeart denies the allegations set forth in paragraph 17 of Plaintiff's Verified Complaint.

18. LyonHeart denies the allegations set forth in paragraph 18 of Plaintiff's Verified Complaint.

19. LyonHeart denies the allegations set forth in paragraph 19 of Plaintiff's Verified Complaint.

20. LyonHeart denies the allegations set forth in paragraph 20 of Plaintiff's Verified Complaint.

21. LyonHeart denies the allegations set forth in paragraph 21 of Plaintiff's Verified Complaint.

22. LyonHeart denies the allegations set forth in paragraph 22 of Plaintiff's Verified Complaint.

23. LyonHeart denies the allegations set forth in paragraph 23 of Plaintiff's Verified Complaint.

24. LyonHeart admits that on or around September 28, 2005, Messrs. Nickel and Weiss informed Plaintiff his employment was being terminated, but otherwise denies the remaining allegations set forth in paragraph 24 of Plaintiff's Verified Complaint.

25. LyonHeart admits that there was a meeting between Plaintiff and Al Nickel, Steve Weiss and Robin Florio at which Plaintiff posed questions about the reasons for termination, but otherwise denies the remaining allegations set forth in paragraph 25 of Plaintiff's Verified Complaint.

26. LyonHeart admits the allegations set forth in paragraph 26 of Plaintiff's Verified Complaint.

27. LyonHeart admits that Plaintiff had a conversation with Robin Florio during which she told Plaintiff that he was expected to continue working until March or until the issues regarding his severance were resolved, and otherwise admits the allegations set forth in paragraph 27 of Plaintiff's Verified Complaint.

28. LyonHeart denies the allegations set forth in paragraph 28 of Plaintiff's Verified Complaint.

### AS TO THE FIRST CAUSE OF ACTION
### ALLEGED BREACH OF EMPLOYMENT CONTRACT

29. LyonHeart repeats each of its responses to the allegations set forth in paragraphs 1 – 28 of the Verified Complaint and incorporates them herein.

30. LyonHeart denies the allegations set forth in paragraph 30 of Plaintiff's Verified Complaint.

31. LyonHeart denies the allegations set forth in paragraph 31 of Plaintiff's Verified Complaint.

## AS TO THE SECOND CAUSE OF ACTION
### ALLEGED AGE DISCRIMINATION

32. LyonHeart repeats each of its responses to the allegations set forth in paragraphs 1 – 31 of the Verified Complaint and incorporates them herein.

33. LyonHeart denies the allegations set forth in paragraph 33 of Plaintiff's Verified Complaint.

## AS TO THE THIRD CAUSE OF ACTION
### ALLEGED AGE DISCRIMINATION

34. LyonHeart repeats each of its responses to the allegations set forth in paragraphs 1 – 33 of the Verified Complaint and incorporates them herein.

35. LyonHeart denies the allegations set forth in paragraph 35 of Plaintiff's Verified Complaint.

## AS TO THE FOURTH CAUSE OF ACTION
### ALLEGED AGE DISCRIMINATION

36. LyonHeart repeats each of its responses to the allegations set forth in paragraphs 1 – 35 of the Verified Complaint and incorporates them herein.

37. LyonHeart denies the allegations set forth in paragraph 37 of Plaintiff's Verified Complaint.

38. LyonHeart denies the allegations set forth in paragraph 38 of Plaintiff's Verified Complaint.

WHEREFORE, defendant LyonHeart respectfully requests entry of judgment dismissing each and every count in Plaintiff's Verified Complaint with prejudice and awarding any further relief that this Court deems proper and just.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Verified Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that he failed to exhaust his administrative remedies.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because all of defendant LyonHeart's employment decisions relating to Plaintiff were taken for legitimate, non-discriminatory reasons.

### FOURTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff's claims are barred in whole, or in part, due to his failure to mitigate his damages.

### FIFTH AFFIRMATIVE DEFENSE

Any damages that Plaintiff claims to have suffered were the result of his own actions or inaction, and not the result of any actionable conduct on the part of defendant LyonHeart.

### SIXTH AFFIRMATIVE DEFENSE

Some of the allegations on which Plaintiff relies in support of his claims are time-barred.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because he waived his claims by continuing to work at LyonHeart after his termination was discussed.

EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of laches, estoppel and unclean hands.

NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because defendant LyonHeart satisfied all of its obligations to Plaintiff under Plaintiff's Employment Agreement.

Dated:   New York, New York
         October 30, 2007

                                        DAVIS & GILBERT LLP
                                        1740 Broadway
                                        New York, NY  10019
                                        (212) 468-4800
                                        *Attorneys for defendant*
                                        *LyonHeart Communications, Inc.*


                                        s/:  Maureen A. McLoughlin
                                             Maureen A. McLoughlin (MM 1258)


To:   Law Office of George David Rosenbaum
      50 Broadway, 26th Floor
      New York, NY 10004
      (212) 514-5007
      *Attorneys for plaintiff Thomas Velardi*

## VERIFICATION

I, Stephen I. Weiss, as Chief Executive Vice-President and Financial Officer of defendant LyonHeart Communications, Inc., formerly known as Lyons, Lavey, Nickel, Swift, Inc. ("LyonHeart"), hereby certify that the factual responses in the Verified Answer filed on behalf of LyonHeart are true and correct to the best of my knowledge.

Dated: October 30, 2007

_____
Stephen I. Weiss

Sworn to me before this
30 day of October, 2007

_____
Notary Public    10/30/07

Frank J. D'Agostino
Notary Public, State of New York
No. 01DA6021615
Qualified in New York County
Commission Expires March 15, 2011